NOTICE

*The text of this opinion can be corrected before the opinion is published in the* *Pacific Reporter*. *Readers are encouraged to bring typographical or other formal* *errors to the attention of the Clerk of the Appellate Courts.*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

STATE OF ALASKA,

Petitioner,

v.

TRISTAN MORGAN STIDSTON,

Respondent.

Court of Appeals No. A-11734
Trial Court No. 4FA-13-925 CR

O P I N I O N

No. 2443 — February 20, 2015

Petition for Review from the Superior Court, Fourth Judicial District, Fairbanks, Bethany S. Harbison, Judge.

Appearances: Diane L. Wendlandt, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Petitioner. William R. Satterberg, Jr., The Law Offices of William R. Satterberg, Jr., Fairbanks, for the Respondent. Katherine J. Hansen, Victims' Rights Attorney, Office of Victims' Rights, and Renee McFarland, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, as *amici curiae*.

Before: Mannheimer, Chief Judge, Allard and Kossler, Judges.

Judge ALLARD.

Tristan Morgan Stidston is charged with sexually assaulting P.E. and tampering with physical evidence following that assault.[1] The State filed a motion under Alaska's rape shield law asking the superior court to preclude Stidston from offering evidence of P.E.'s past sexual conduct at trial, unless Stidston made a prior application to the court.

Under Alaska's rape shield statute, AS 12.45.045, a criminal defendant charged with a sexual offense who wishes to present evidence of the complaining witness's sexual history must ask the court for permission to present that evidence at least five days before trial — unless the defendant shows "good cause" to make the application at a later date.

When Stidston's case was litigated in the superior court, the State took the position that the only "good cause" for making a late application under AS 12.45.045(a) was if the defendant discovered the relevant information only after the statutory deadline had passed. Stidston did not dispute this reading of the statute; instead he argued that the statute, so construed, violated his right against self-incrimination because it required him to disclose his defense before trial.

The superior court adopted the parties' reading of the statute and ruled that the statute, construed in this manner, was unconstitutional.

The State petitioned for review of that decision. At our request, the Alaska Office of Victims' Rights and the Alaska Public Defender Agency also submitted briefs as amici curiae. The State and amici curiae reach the same conclusion: that the reading of the statute the parties adopted in the superior court was wrong; that AS 12.45.045(a) does, in fact, contain a general good cause exception to the statutory deadline; and that this exception allows a court to consider a mid-trial application to present evidence of

---

[1] AS 11.41.410(a)(1); AS 11.56.610(a)(1).

the complaining witness's sexual history even if the defendant was aware of that information before the statutory deadline. We agree with this construction of the statute, and we therefore reverse the superior court's order ruling the statute unconstitutional.

*Why we hold that AS 12.45.045(a) contains a general good cause exception*

As we explained, AS 12.45.045(a) limits the right of a criminal defendant charged with a sexual crime to introduce evidence of the complaining witness's sexual history. The statute requires a defendant who seeks to admit such evidence to:

> apply for an order of the court not later than five days before trial or at a later time as the court may, for good cause, permit. The defendant may, for good cause shown, apply for an order during trial if the request is based on information learned after the deadline or during the trial. After the application is made, the court shall conduct a hearing in camera to determine the admissibility of the evidence.[2]

This statute is ambiguous on its face: The first reference to "good cause" appears to create a general good cause exception to the pretrial deadline for making a request to offer evidence of the complaining witness's sexual history. But the statute goes on to state that a request may be made during trial if the information is "learned after the deadline or during the trial." This language could be construed to narrow the general good cause exception by limiting any mid-trial application to information discovered after the statutory deadline had passed. Alternatively, the clause could be read as a subset of the general good cause exception — that is, as one particular circumstance establishing good cause.

---

[2]   AS 12.45.045(a).

Because the statute is subject to these two reasonable interpretations, we look to the legislative history to resolve that ambiguity.[3]

In its petition, the State argues that this ambiguity is a "quirk" of the drafting process, and that the legislature did not intend to narrow the statute's general good cause exception by limiting mid-trial applications to newly discovered information. After reviewing the legislative history, we agree that the legislature intended the first good cause exception to apply throughout the trial phase of the litigation.

As originally introduced, Senate Bill 22 (and an identical companion bill, House Bill 73) only allowed the defendant to make a mid-trial application if the information about the complaining witness's sexual history was discovered after the pretrial statutory deadline:

> When the defendant seeks to admit the evidence for any purpose, the defendant shall apply for an order of the court not later than five days before trial. The defendant may apply for an order during trial if the request is based on evidence admitted at trial that was not available to the defendant before trial.[4]

But during committee discussion of this legislation, Senator Bill Wielechowski repeatedly voiced concern that this rigid pretrial deadline could unconstitutionally prevent a defendant from presenting relevant evidence of the complaining witness's sexual conduct if a defense attorney's strategy changed mid-trial

---

[3]    *Anchorage v. Adamson*, 301 P.3d 569, 576-77 (Alaska 2013) ("When statutory language is ambiguous, we look to the purpose of the legislation and the legislative history for indications of legislative intent.") (citing *Alyeska Pipeline Serv. Co. v. DeShong*, 77 P.3d 1227, 1234 (Alaska 2003)).

[4]    S.B. 22, 28th Leg., 1st Sess., § 13 (as introduced, Jan. 16, 2013); H.B. 73, 28th Leg., 1st Sess. § 13 (as introduced, Jan. 16, 2013).

based on a surprise in the State's case.[5] This concern was echoed by Public Defender Quinlan Steiner.[6] During the course of these discussions, the bill was gradually amended to include both good cause exceptions.[7]

Assistant Attorney General Anne Carpeneti described the amended version of the bill to the Senate Finance Committee as requiring a defendant to make an application to introduce information on a victim's sexual conduct five days before trial unless, for some reason, meeting that deadline was unreasonable.[8] Carpeneti likewise told the House Finance Committee that the bill included language allowing a defendant to apply after the pretrial deadline "for good cause *or* if the information is learned at a later date."[9]

Based on this legislative history, we agree with the State and amici curiae that AS 12.45.045 contains a general good cause exception to the pretrial application

---

[5] *See* Minutes of Senate Judiciary Committee, Senate Bill 22, 2:33:13-2:33:57 p.m. (Jan. 30, 2013); Minutes of Senate Judiciary Committee, Senate Bill 22, 1:58:30-1:58:48 p.m. (Feb. 11, 2013); Minutes of Senate Judiciary Committee, Senate Bill 22, 2:13:22-2:14:34 p.m. (Feb. 18, 2013).

[6] Minutes of Senate Judiciary Committee, Senate Bill 22, testimony of Public Defender Quinlan Steiner, 2:16:00-2:16:30 p.m. (Feb. 18, 2013); Minutes of House Judiciary Committee, House Bill 73, testimony of Public Defender Quinlan Steiner, 1:52:57-54:11 p.m. (Feb. 11, 2013).

[7] *See* S.B. 22, 28th Leg., 1st Sess., § 16 (as introduced, Mar. 15, 2013); *see also* Minutes of Senate Judiciary Committee, Senate Bill 22, Senator John Coghill, 2:41:29-2:42:28 p.m. (Mar. 1, 2013) (noting that the judiciary committee passed an amendment to the bill providing for a good cause exception).

[8] *See* Minutes of Senate Finance Committee, Senate Bill 22, testimony of Assistant Attorney General Anne Carpeneti, 9:57:23-9:57:39 a.m. (Mar. 20, 2013).

[9] *See* Minutes of House Finance Committee, Senate Bill 22, testimony of Assistant Attorney General Anne Carpeneti, 9:45:02-9:45:19 a.m. (Apr. 2, 2013) (emphasis added).

deadline for introducing information on a complaining witness's sexual conduct, and that the reference to newly discovered information is just one example of good cause.

Accordingly, the superior court's order declaring AS 12.45.045 unconstitutional in part, and severing the clause "if the request is based on information learned after the deadline or during the trial," is REVERSED and this case is REMANDED to the superior court for further proceedings. We do not retain jurisdiction.